# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| KIM KREFFT, as Representative of the ESTATE OF SCOTT KREFFT, | ) ) ) | |
| Plaintiff, | ) | Case No. 1:19-cv-07102 |
| v. | ) ) | |
| ILLINOIS CENTRAL RAILROAD COMPANY, LEMONT INDUSTRIAL DEVELOPMENT, LLC, WEST SIDE MACHINE, INC., and NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## JOINT STATUS REPORT

The parties hereby submit the following Rule 26(f) Status Report:

1. **Attorneys of Record**:

   Dennis M. Lynch **(Lead Trial Counsel)**
   John Patrick Scanlon
   HEALY SCANLON
   111 West Washington Street
   Suite 1425
   Chicago, Illinois 60602
   (312) 977-0100
   dlynch@healyscanlon.com
   jpscanlon@healyscanlon.com
   *Attorneys for Plaintiff Kim Krefft*

   Alfred Emil Koehler, III **(Lead Trial Counsel)**
   Kristen A. Cooke
   SWANSON MARTIN & BELL, LLP
   330 North Wabash Avenue
   Suite 3300
   Chicago, Illinois 60611
   (312) 321-9100
   jkoehler@smbtrials.com
   kcooke@smbtrials.com
   *Attorneys for Defendants National Railroad Passenger Corporation and Illinois Central Railroad Company*

   Thomas P. Boylan **(Lead Trial Counsel)**
   Henry Ortiz
   CASSIDAY SCHADE LLP

222 West Adams Street, Suite 2900
Chicago, IL 60606
(312) 641-3100
tboylan@cassiday.com
hortiz@cassiday.com

*Attorneys for Lemont Industrial Development, LLC and West Side Machine, Inc.*

*Attorneys for newly named defendant Lemont Quarries Holdings, LLC have not appeared to date.*

2.      **Basis for Federal Jurisdiction:**

Pursuant to 28 U.S.C. § 1349 the district court shall have original jurisdiction over civil actions against corporations where the United States is the owner of more than one-half of a corporation's capital stock. Because the United States owns more than one-half of Defendant National Railroad Passenger Corporation's capital stock, this Court has original jurisdiction of this matter.

3.      **Nature of Claims Asserted in Complaint:**

Plaintiff seeks recovery for the death of Scott Krefft who was struck by an Amtrak train on April 30, 2019 while attempting to cross the railroad tracks.

4.      **Name of Party Not Yet Served:**

Lemont Quarries Holdings, LLC

5.      **Principal Legal Issues:**

**Plaintiff's Legal Issues:**

Plaintiff alleges that Defendants owed Plaintiff's Decedent a duty of reasonable care which includes but is not limited to maintenance of the railroad right of way, tracks and adjacent land and use of additional protective devices at the crossing. Plaintiff further alleges that Defendant National Railroad Passenger Corporation failed to operate its train with reasonable care.

**Defendants National Railroad Passenger Corporation and Illinois Central Railroad Company's Legal Issues:**

i.      What duties, if any, National Railroad Passenger Corporation owed to Plaintiff's Decedent at private railroad crossing;

ii.     What duties, if any, Illinois Central Railroad Company owned to Plaintiff's Decedent at a private railroad crossing;

iii.    Whether Plaintiff's Decedent was sole proximate cause of his death;

iv.     Whether Plaintiff's Decedent's conduct was willful and wanton barring his recovery; and

v.      Federal and State Preemption of Plaintiff's Claims

**Defendant Lemont Industrial Development, LLC' and West Side Machin, Inc.'s Legal Issues**

    i.      What duties, if any, West Side Machine and Lemont Industrial owed to Plaintiff's Decedent; and

    ii.     Whether Plaintiff's Decedent was the sole proximate cause of his death.

6.    **Principal Factual Issues:**

Whether Defendant Illinois Central Railroad Corporation owed the decedent a duty of reasonable care at the private railroad crossing. Whether Defendant National Railroad Passenger Corporation operated its train with reasonable care. Whether Defendant Lemont Industrial Development LLC created or maintained a reasonably safe private railroad crossing.

Whether Lemont Industrial or West Side Machine owed a duty to install warning devices, gate arms and/or flashing lights at or near the railroad crossing and on a property that they did not own, operate, manage, maintain and/or control. Whether Lemont Industrial or West Side Machine owed a duty to clear vegetation, including brush, shrubbery and/or trees for a distance of 500 feet east and west of the crossing and on property that they did not own, operate, manage, maintain and/or control. Whether Lemont Industrial or West Side Machine owed a duty to ensure that a public road was constructed at a 90 degree angle with the railroad tracks at the Boyer Street crossing. Whether there is any evidence that Plaintiff's decedent's view of Amtrak trains approaching the Boyer Street railroad crossing was blocked, obstructed and/or in any way compromised by vegetation south of the railroad crossing. Whether Plaintiff's decedent assumed the risk of being struck by an approaching Amtrak train when he failed to stop his vehicle at multiple stop lines with visible stops signs prior to proceeding onto the Boyer Street railroad crossing.

7.    **Jury Trial:**

All parties demand a jury trial in this action.

8.    **Discovery Undertaken to Date and Anticipated in the Future:**

The parties have exchanged mandatory initial discovery responses.

9.    **Agreed Discovery Proposal:**

The parties have not exchanged any written discovery to date. The parties shall propound interrogatories, requests for production of documents and requests for admission in accordance with Federal Rules of Civil Procedure 33, 34 and 36 after the Court's ruling on Defendant Illinois Central Railroad Company's 12(b)(6) Motion to Dismiss Counts I and II of Plaintiff's Amended Complaint. The parties will disclose and depose all fact and expert witnesses in accordance with the scheduling order entered by the court. The cut-off for all discovery will be 120 days before trial.

10. **Status of Briefing on Unresolved Motions:**

Defendant Illinois Central Railroad Company filed its Rule 12(b)(6) Motion to Dismiss Counts I and II of Plaintiff's Amended Complaint on March 13, 2020. Per the Court's February 10, 2020 Docket Entry, Plaintiff's Response was due on March 27, 2020. Per the Third Amended General Order 20-0012 entered on April 24, 2020, Plaintiff's Response is due on June 12, 2020 and Defendant Illinois Central Railroad Company's Reply is Due on June 19, 2020. The parties respectfully request that the Court enter a new briefing schedule in accordance with the Third Amended General Order 20-0012 or as the Court deems otherwise fit.

11. **Earliest Day Parties will be Ready for Trial and Length of Trial:**

2022. The parties anticipate that trial will take 14 days.

12. **Magistrate Judge:**

The parties do not consent to proceed before the Magistrate Judge at this time.

13. **Settlement Discussions and Settlement Conference:**

No settlement discussions to date. The parties do not request a settlement conference at this time.

Respectfully Submitted,

**SWANSON MARTIN & BELL, LLP**

By: /s/ Kristen A. Cooke
*One of the Attorneys for Defendants*
*National Railroad Passenger Corp.*
*and Illinois Central Railroad Company*

A. Jay Koehler (ARDC #6207310)
Kristen A. Cooke (ARDC #6314489)
SWANSON, MARTIN & BELL, LLP
330 North Wabash Avenue
Suite 3300
Chicago, Illinois 60611
Phone: (312) 321-9100
jkoehler@smbtrials.com
kcooke@smbtrials.com

**HEALY SCANLON**


By:  /s/ Dennis M. Lynch
      *One of the Attorneys for Plaintiff*

Dennis M. Lynch (ARDC #6293267)
HEALY SCANLON
111 West Washington Street
Suite 1425
Chicago, Illinois 60602
Phone: (312) 977-0100
dlynch@healyscanlon.com


**CASSIDAY SCHADE LLP**


By:  /s/ Henry Ortiz
      *One of the Attorneys for Defendant*
      *Lemont Industrial Development, LLC*

Henry Ortiz (ARDC #6275645)
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, Illinois 60606
Phone: (312) 641-3100
hortiz@cassiday.com